TANNER & ORTEGA, L.L.P.
ATTORNEYS AT LAW
WWW.TANNERORTEGA.COM

HOWARD E. TANNER*
HUGO G. ORTEGA
*MEMBER OF N.Y., N.J. AND D.C. BAR

**NEW YORK CITY OFFICE**
277 BROADWAY
SUITE 1701A
NEW YORK, NY 10007
OFFICE: (212) 962-1333
FAX: (212) 962-1778

**WHITE PLAINS OFFICE**
170 HAMILTON AVE
SUITE 300
WHITE PLAINS, NY 10601
OFFICE: (914) 358-5998
FAX: (212) 962-1778

June 17, 2026

**By ECF**
Honorable Cathy Seibel
United States District Judge
Southern District of New York
300 Quarropas Street, Room 621
White Plains, NY 10601

> Re:    *United States v. Joel Babulal*, 25 Cr. 310 (CS)
>        Defendant's Opposition to Government's Victim Notification Motion

Dear Judge Seibel:

I write on behalf of Defendant Joel Babulal in response to the Government's proposed plan (ECF Doc Nos. 69 and 71) to utilize the U.S. Attorney's Office website to comply with the Crime Victim's Rights Act (CVRA), 18 USC § 3771. Mr. Babulal objects to the Government's application as overbroad and insufficiently supported.

Mr. Babulal does not object to reasonable notice to individuals and entities whom the Government has specifically identified through recovered mail, checks, credit cards, or other items seized from the Babulal residence. Nor does he dispute that the Crime Victims' Rights Act permits alternative notice in appropriate cases involving large numbers of victims. But the Government's proposed procedure goes much further. It risks suggesting that any person or entity in Mount Vernon whose mail was lost or stolen between January 2022 and May 2024 may properly be treated as a victim of this case. That suggestion is speculative and prejudicial.

Under 18 U.S.C. § 3771(d)(2), the Court may fashion a reasonable alternative procedure only where the number of crime victims makes individualized notice impracticable. The Government has identified approximately 300 individuals and entities from recovered materials and represents that direct notice was sent where possible (ECF Doc No. 71 at 1). The Government further states that approximately one-third of those identified persons or entities could not receive individualized notice because the recovered items did not contain contact information. Id. However, the Government does not explain what efforts, if any, were made to locate contact information for those named individuals or entities before resorting to website publication. Their proposal does not state whether the Government attempted to coordinate with USPS, cross-reference names with Mount Vernon addresses, review postal records, conduct public-record searches, or use other basic investigative tools. Without that information, the Court

Hon. Cathy Seibel
June 18, 2026
Page 2 of 3

cannot meaningfully determine whether individualized notice to those identified persons is truly impracticable.

The broader problem is the Government's attempt to justify website notice by reference to an unknown universe of possible victims. The Government states that Ms. Babulal was assigned at various times to 43 of 44 postal routes in Mount Vernon, servicing more than 28,000 addresses. See Id. But route coverage is not victim status. A "crime victim" under 18 U.S.C. § 3771(e)(2)(A) is a person "directly and proximately harmed" by the federal offense. The mere fact that a person lived or received mail along a route Ms. Babulal may have serviced does not establish direct and proximate harm. Mail may be lost, delayed, misdelivered, or stolen by unrelated persons for reasons having nothing to do with this case.

The Government's proposal therefore risks inviting any Mount Vernon resident or business that experienced missing mail during a nearly two-and-a-half-year period to attribute that loss to the defendants. That is not a reasonable notice procedure. It is a speculative public solicitation. It would not identify statutory victims. It would instead create a pool of untested claims that may later complicate sentencing, calculations of restitution, loss, number of victims, causation and other issues should the Government's proposal be granted.

In *United States v. Schessel*, No. 22-0374 (ES), 2022 U.S. Dist. LEXIS 210836 (D.N.J. Nov. 21, 2022), the Court recognized that "reasonable procedure" determinations may vary with each case given the district court's "proximity to the particular facts and needs of victims that also will likely vary with each case." Id.; quoting *United States v. Rubin*, 558 F. Supp. 2d 411, 422 (E.D.N.Y. 2008). Although the Court permitted website notice, it did not simply approve the Government's proposal wholesale. Rather, it required the Government to avoid unnecessary repetition of allegations in the notice and recognized that alternative-notice procedures may be limited to what is necessary to provide adequate notice. Id. at 8-10. The same principle applies here. If the Court permits website notice, the notice should be limited to neutral language identifying "potential victims," should avoid suggesting that all lost or stolen mail in Mount Vernon is attributable to Mr. Babulal, and should not be treated as a finding of victim status, causation, loss, or restitution.

Accordingly, Mr. Babulal respectfully requests that the Court deny the Government's application as overbroad. In the alternative, if the Court authorizes website notification, Mr. Babulal respectfully requests that the Court impose the following limitations:

- the notice should refer only to "potential victims" and should not state or imply that all missing, lost, delayed, or stolen mail in Mount Vernon between January 2022 and May 2024 is attributable to the defendant;

- the notice should make clear that a response to the website notice does not establish victim status, loss amount, restitution, causation, or direct and proximate harm under §3771;

Hon. Cathy Seibel
June 18, 2026
Page 3 of 3

- the Government should be required to provide the proposed website language to defense counsel before publication;

- any responses generated by the notice procedure should be disclosed to the defense by a date certain sufficiently in advance of sentencing; and

- the notice procedure should not be deemed a finding that the Government has established any particular number of victims, any restitution amount or any loss amount. Mr. Babulal expressly preserves all objections to victim status, causation, restitution, and loss to the extent not precluded by the Plea Agreement between the parties.

For these reasons, the Government's application should be denied. Alternatively, any notice procedure should be narrowly tailored in the manner set forth above.

Very truly yours,

Tanner & Ortega, L.L.P.

Howard E. Tanner

cc:   AUSA Reyhan Watson (By ECF and Email/PDF)
      AUSA James McMahon (By ECF and Email/PDF)
      Benjamin Gold, Esq. (By ECF and Email/PDF)